# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 17 2019, 9:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Timothy N. Hatton
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Angela N. Sanchez
Assistant Section Chief,
Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy N. Hatton,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | January 17, 2019<br><br>Court of Appeals Case No.<br>18A-PC-749<br><br>Appeal from the Marshall Superior Court<br><br>The Honorable Robert O. Bowen<br><br>Trial Court Cause No.<br>50D01-1107-FA-24 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Timothy N. Hatton appeals the denial of the petition for post-conviction relief he filed after pleading guilty to Class B felony child molesting. We affirm.

# Facts and Procedural History

[2] In July 2011, the State charged Hatton with Class A felony child molesting, Class B felony criminal deviate conduct, Class C felony child molesting, Class D felony sexual battery, and Class B misdemeanor battery. In October 2012, Hatton, who was represented by a court-appointed attorney, pled guilty to only one count of Class B felony child molesting in exchange for the State dismissing the remaining charges. The trial court imposed a sentence of twenty years, with fifteen years to serve and five years suspended to probation.

[3] In December 2014, Hatton filed a petition for post-conviction relief claiming that his attorney had been ineffective and that his guilty plea was invalid. The post-conviction court ordered the case submitted by affidavit. Hatton then moved to compel his attorney to provide a copy of his file from the underlying criminal case, alleging that he had requested the file and had only received "the discovery in November 2011." Appellant's App. Vol. II p. 127. Hatton also sent his attorney a set of fourteen interrogatories. After receiving no responses to the interrogatories, Hatton filed a second motion to compel. The post-conviction court denied both motions. Regarding the case file, the court determined that the attorney had already given Hatton the relevant documents

from his office. Regarding the interrogatories, the court concluded that "it does not appear that answers to the questions posed have any relevance to the issues presented in the Petition, are not presentable in the form of a Summary Affidavit or appear to be a 'fishing expedition' into trial strategy." *Id.* Shortly thereafter, Hatton filed his affidavit in support of his petition. He did not file affidavits from his attorney or any other witnesses. The post-conviction court denied Hatton's petition.

[4] Hatton now appeals.

# Discussion and Decision

[5] Hatton has failed to demonstrate any error by the post-conviction court. The facts section of his opening brief focuses on his substantive claims for relief ("Ineffective Assistance of Counsel," "Guilty Plea (Ineffective Assistance)," "Speedy Trial Issues," "Newly Available Evidence," and "Due Process"), Appellant's Br. pp. 5-11, while the argument section primarily addresses procedural decisions made by the post-conviction court. He makes a number of general assertions in both sections but does not develop any of them. For example, in the facts section, Hatton claims that "[f]alse statements, dismissed charges, and other irrelevant factors were used against Hatton and [counsel] did not suppress or object," *id.* at 6, but he does not identify any such "false statements" or "irrelevant factors" or explain how they were "used" against him. The remainder of the facts section includes more of the same. *See id.* at 6-11. To the extent he has articulated any specific arguments, his only record

citations are to "CCS," his own affidavit ("Affidavit filed January 18th, 2018"), "Transcripts for October 24th, 2012, January 22nd, 2013," "CCS entry for November 22, 2011" (which simply says "Court receives a letter from the defendant"), and "Plea Agreement October 24th, 2012" (which Hatton did not include in his appendix on appeal). Such general citations are entirely unhelpful, especially when accompanied by general claims of error. If Hatton's argument is that the post-conviction court should have believed the self-serving factual allegations in his affidavit, there is nothing we can do for him. "[T]he [post-conviction] judge is the sole judge of the credibility of witnesses." *Ward v. State*, 969 N.E.2d 46, 66 (Ind. 2012), *reh'g denied*.

[6] The argument section of Hatton's brief is similarly deficient. He asserts that the post-conviction court should have held an evidentiary hearing before ruling on his petition. However, other than generically urging that he "has raised obvious issues in his PCR," Appellant's Br. p. 11, Hatton fails to explain why such a hearing was necessary. When the post-conviction court orders a case submitted by affidavit, the court has discretion to decide whether to hold an evidentiary hearing, and we will reverse only for an abuse of that discretion. *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*. Hatton has not shown such an abuse in this case.

[7] Hatton also argues that the post-conviction court should have granted his motions to compel his attorney to provide a complete copy of his file and to respond to Hatton's interrogatories. Whether to grant a motion to compel is a decision we leave to the discretion of the post-conviction court, and we will

reverse only for an abuse of that discretion. *Pannell v. State*, 36 N.E.3d 477, 493 (Ind. Ct. App. 2015), *reh'g denied*, *trans. denied*. Here, when the post-conviction court denied Hatton's motions, it reasoned that Hatton's attorney had already given Hatton the relevant documents from his file and that the interrogatories did not appear to "have any relevance to the issues presented in the Petition, are not presentable in the form of a Summary Affidavit or appear to be a 'fishing expedition' into trial strategy." Hatton briefly mentions the post-conviction court's reasoning but does not explain why he thinks it was wrong, other than vaguely asserting that "[t]hese materials are essential so Hatton can raise all issues and for full evidentiary discoveries." Appellant's Br. p. 12. In short, Hatton has identified no basis on which we could conclude that the post-conviction court abused its discretion by denying his motions to compel.

[8] Affirmed.

Mathias, J., and Crone, J., concur.